ELIZABETH YU
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 305-5950

ALEX SILAGI
Assistant United States Attorney
United States Attorney's Office, District of New Jersey
970 Broad Street, Ste. 700
Newark, New Jersey 07102
(973) 353-6001

*Counsel for Plaintiff United States of America*

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

By:  NELL HRYSHKO
Deputy Attorney General
(609) 376-2735

*Counsel for Plaintiffs New Jersey Department of*
*Environmental Protection, the Commissioner of the*
*New Jersey Department of Environmental Protection, and the*
*Administrator of the New Jersey Spill Compensation Fund*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA; NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and ADMINISTRATOR, NEW JERSEY SPILL COMPENSATION FUND<br><br>Plaintiffs,<br><br>v.<br><br>STEPAN COMPANY,<br><br>Defendant. | Civil Action No. |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the United States Environmental Protection Agency ("EPA"), and the New Jersey Department of Environmental Protection ("NJDEP"), the Commissioner of the New Jersey Department of Environmental Protection ("Commissioner"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator"), by and through the New Jersey Attorney General, file this complaint and allege as follows:

**NATURE OF THE ACTION**

1.  This is a civil action brought under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607, and the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act").

2

2.      The United States seeks injunctive relief and recovery of costs incurred in response to releases and threatened releases of hazardous substances into the environment at or from the Maywood Chemical Company Superfund Site ("Site"), located in Maywood, Lodi, and Rochelle Park, Bergen County, New Jersey.

3.      NJDEP, the Commissioner, and the Administrator of the New Jersey Spill Compensation Fund seek certain injunctive relief and the reimbursement of costs they have incurred and will incur for the discharge of hazardous substances at the Site.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 & 9613(b).

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) & 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## THE PARTIES

6.      The United States is authorized to seek costs of removal or remedial action, as well as injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release or threatened release of a hazardous substance at or from a facility.  42 U.S.C. §§ 9606(a), 9607(a).

7. NJDEP is a principal department within the Executive Branch of the State of New Jersey, vested with the authority to conserve and protect natural resources, protect the environment, prevent pollution, and protect the public health and safety.  N.J.S.A. 13:1D-9.

8. The Commissioner is the Commissioner of NJDEP.  N.J.S.A. 58:10-23.11b. and N.J.S.A. 58:10A-3.  In this capacity, the Commissioner is vested by law with various powers and authority, including those conferred by NJDEP's enabling legislation, N.J.S.A. 13:1D-1 through -19.

9. The Administrator is the chief executive officer of the New Jersey Spill Compensation Fund ("the Spill Fund").  N.J.S.A. 58:10-23.11j.  As chief executive officer of the Spill Fund, the Administrator is authorized to approve and pay any cleanup and removal costs Plaintiff NJDEP incurs, N.J.S.A. 58:10-23.11f.c & .d, and to certify the amount of any claim to be paid from the Spill Fund, N.J.S.A. 58:10-23-11j.d.

10. Defendant Stepan Company is a corporation organized under the laws of the State of Delaware with a principal place of business in Northbrook, Illinois.

11. Stepan Company is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

12. At relevant times, Stepan Company has owned and operated portions of the Site.

## STATUTORY BACKGROUND

13. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

14. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

15. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1) the owner and operator of a vessel or a facility, [and]
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> \* \* \*
>
> shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

16. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

17. The New Jersey Spill Compensation and Control Act (the "Spill Act") states that any person who discharges a hazardous substance, or is in any way responsible for any

hazardous substance that is discharged, shall be liable, jointly and severally, without regard for fault, for all cleanup and removal costs no matter by whom incurred.  N.J.S.A. 58:10-23.11g.c.(1).

## GENERAL ALLEGATIONS

18. The Site includes at least 63 acres, including property formerly owned by the Maywood Chemical Works a/k/a Maywood Chemical Company ("Maywood Chemical") and properties located nearby.

19. Maywood Chemical conducted ore processing and the manufacture of a variety of additives and products at the Site.  Maywood Chemical conducted operations at the Site between about 1895 and 1959.  Its operations included the processing of ore containing radioactive thorium between approximately 1916 through 1955.  Its operations also included caffeine extraction and the manufacture of narcotic and flavor products and other specialty chemical products.  Its operations resulted in the generation of radioactive wastes, including thorium, and chemical wastes, including volatile organic compounds and toxic metals.  Some of these wastes were disposed of at the Site.

20. In 1959, Stepan Chemical Company acquired Maywood Chemical, including its property at the Site.  Some of the Maywood Chemical operations were discontinued in the 1950s and 1960s.  Stepan Chemical Company continued other Maywood Chemical operations at the Site, which continued to generate wastes.  After its acquisition of the Maywood Chemical Company property, Stepan also excavated and reburied some of the wastes at the Site.

21. In 1984, Stepan Chemical Company changed its name to Stepan Company.  Over the years, Stepan Company sold portions of the Maywood Chemical property to other persons.

Stepan Company continues to own a portion of the Site and continues to conduct manufacturing operations at the portion of the Site it owns.

22. In 1983, pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B.

23. To manage cleanup operations of the Site, EPA has divided response actions for the Site into portions referred to as "Operable Units."

24. Operable Unit 1 consists of response actions identified in an EPA decision document, dated September 23, 2014, referred to as the Operable Unit 1 Record of Decision. Response actions for Operable Unit 1 are further described in an EPA document, dated January 22, 2021, referred to as the Explanation of Significant Differences. The response actions for Operable Unit 1 address chemically contaminated soils at certain specified areas at the Site.

25. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

26. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

27. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

28. The United States has incurred at least $775,356.84 through September 30, 2021, in response costs, including accrued past interest, with respect to Operable Unit 1 of the Site that have not been reimbursed. These response costs are not inconsistent with the National

Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

29. NJDEP has incurred at least $15,593.62 in response costs with respect to Operable Unit 1 of the Site that have not yet been reimbursed. These response costs are not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

### FIRST CLAIM FOR RELIEF
*Cost Recovery Under CERCLA Section 107*

30. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. Stepan Company is within the class of liable persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned or operated, or is a successor to a company who owned or operated, a facility at the Site at the time hazardous substances were disposed of at the facility.

32. Stepan Company is also within the class of liable persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns and operates a facility at the Site.

33. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Stepan Company is jointly and severally liable to the United States and NJDEP for all Operable Unit 1 costs incurred by the United States and NJDEP, including enforcement costs and interest.

### SECOND CLAIM FOR RELIEF
*Injunctive Relief Under CERCLA Section 106*

34. Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35. EPA has determined that there is or may be an imminent and substantial endangerment to the public health and welfare or the environment because of actual or threatened releases of hazardous substances at or from the Site.

36. EPA has determined that the response actions selected in the Operable Unit 1 Record of Decision and as further described in the Explanation of Significant Differences are necessary to abate the danger or threat at or from the Site.

37. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Stepan Company is jointly and severally liable to undertake the Operable Unit 1 response actions as described in the Operable Unit 1 Record of Decision and Explanation of Significant Differences.

### THIRD CLAIM FOR RELIEF
*Cost Recovery Under the Spill Act*

38. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

39. Except as otherwise provided in N.J.S.A. 58:10-23.11g12, any person who "has discharged a hazardous substance, or is in any way responsible for any hazardous substance" that is discharged, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred.  N.J.S.A. 58:10-23.11g.c.(1).

40. NJDEP has incurred, and may continue to incur, costs as a result of the discharge of hazardous substances at the Site.

41. The costs that NJDEP has incurred and will incur for the Site are "cleanup and removal costs" within the meaning of N.J.S.A. 58:10-23.11b.

42. Stepan Company is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

43. Stepan Company is a discharger and also a person that is in any way responsible for the discharged hazardous substances, and is liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, for Operable

Unit 1 as a result of the discharge of hazardous substances at the Site.  N.J.S.A. 58.10-23.11g.c.(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of Plaintiff United States and against the Defendant, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred by the United States relating to Operable Unit 1, including enforcement costs and interest, but excluding costs that are to be reimbursed under previously entered into EPA administrative orders on consent;

b. Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606(a), requiring the Defendant to perform the Operable Unit response actions as described in the Operable Unit 1 Record of Decision and Explanation of Significant Differences;

c. Enter a declaratory judgment on Defendant's liability that will be binding on any subsequent action for further response costs incurred at the Site, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

d. Order the Defendant to reimburse Plaintiff NJDEP and the Administrator, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator have incurred at the Site in connection with Operable Unit 1, with applicable interest;

e. Enter declaratory judgment against the Defendant, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator may incur at the Site, that will be binding on any subsequent action or actions to recover further response costs; and

  f. Grant such other and further relief as the Court deems just and proper.

             Respectfully submitted,

             *For Plaintiff United States of America*

             TODD KIM
             Assistant Attorney General
             Environment and Natural Resources Division
             United States Department of Justice
             Washington, D.C. 20530

             s/ Elizabeth Yu
             ELIZABETH YU
             Senior Counsel
             Environmental Enforcement Section
             Environment and Natural Resources Division
             United States Department of Justice
             P.O. Box 7611, Ben Franklin Station
             Washington, DC 20044-7611
             (202) 305-5950
             elizabeth.yu@usdoj.gov

             PHILIP R. SELLINGER
             United States Attorney
             District of New Jersey

             ALEX SILAGI
             Assistant United States Attorney
             District of New Jersey
             United States Attorney's Office
             970 Broad Street, Ste. 700
             Newark, New Jersey 07102
             973-353-6001

OF COUNSEL:

KATHRYN M. DELUCA
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway
New York, NY 10007
(212) 637-3122

*For Plaintiffs New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund*

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ 08625-0093


s/ Nell Hryshko_____
NELL HRYSHKO
Deputy Attorney General
(609) 376-2735

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

      In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                s/ Elizabeth Yu
                ELIZABETH YU
                Senior Counsel
                Environmental Enforcement Section
                Environment and Natural Resources Division
                United States Department of Justice
                P.O. Box 7611, Ben Franklin Station
                Washington, DC 20044-7611
                (202) 305-5950
                elizabeth.yu@usdoj.gov